Turley, J.
delivered the opinion of the court.
The bill ’ of Sarah Parham is filed against Thomas Par-ham and others, to have her dower and distributive share allotted and set apart to her out of the estate of her deceased husband, Wm. Parham, who died intestate about the 2d day of September, 1839.
This right to dower and distribution is resisted in the answers of the defendants, and in the cross-bill, upon the ground that on the 6th day of October, 1835, the said Wm. Parham and Sarah Parham in consequence of differences between them in their social relations, agreed to a separation from bed and board, and in pursuance of this intention, a deed tripartite was made and executed between them and David B. Turner, by which Wm. Parham conveyed to David B. Turner, in use and in trust for Sarah Parham, all the personal property owned and possessed by her at the time' of her marriage, in full satisfaction of her support and maintenance; and all alimony whatsoever during her coverture. This property, consisting of negroes, hogs, cattle, beds and other household furniture, was taken possession of by the trustee, for the benefit of Sarah Parham, who thereupon separated from her husband, and continued to live apart from him till his death, upon the happening of which event, this property was reduced to her own actual possession, which she has retained ever since.
This it is contended operates as a bar to her right of dower and to a distributive share of the estate of her deceased husband. <
To this it is answered, that this bar cannot be made effectual for two reasons. 1st. That the deed of separation and settlement is void because Sarah Parham was a. feme, covert at the time of its execution. And, 2d, because even if it were good and valid, it was not intended, and is not a bar of her right of dower and distribution, but only in full satisfaction of her support and maintenance and alimony during her coverture.
To the 2d objection it is answered by the cross-bill, that the deed of separation and settlement was intended by the *297 parties at the time of its execution, to be not only for her support and maintenance during her coverture, but in full satisfaction of any claim whatever, either by dower or distribution, upon the ' estate real or personal of her husband, and that it was by mistake of the counsel who drew the deed, that' it was not expressed to that purport, all which facts are satisfactorily proven.
1st. Is this deed of separation and settlement void on account of coverture as to the wife? Most clearly it is.. But it being so, she shall not be permitted to claim under and against it; if she set it aside as being void as to herself, it shall be held as inoperative against her husband; or in other words, if she take her dower interest and distributive share of his- estate, the property conveyed to her shall return to and constitute a part of the estate.
2d. Can she claim under the deed the property conveyed to her as being only given in satisfaction of her support and maintenance and alimony during coverture, keep it, and resort to the estate of her husband for dower and distribution. We think not; for though it be well settled that a conveyance by marriage settlement is not a bar to dower, unless it be so expressed, or be clearly inferable, yet this is where the settlement is before marriage and is a good and valid contract, which this is not. And we also think not, because it is satisfactorily proven, that the instrument of separation and settlement does not contain the true intention and meaning of the parties, the same being designed by all; to be in full satisfaction of any claim either of dower or distribution out of the estate of the husband, and that this intention was not expressed by reason of the mistake of the conveyancer who drew the instrument; this is such a mistake as a court of chancery will relieve against.
We are therefore of opinion with the Chancellor, that the complainant, Sarah Parham, cannot claim under the deed, and against the estate both, but must elect between them, and that as she has by this her suit elected to take her dower and distributive share of the estate, she must account for the property conveyed in the deed which has not been expended for her support and maintenance during her coverture.